(Sitting in Hamilton County.)

CHARLES KUHL ARTIFICIAL STONE CO. V. MARTIN MACK.

EVIDENCE—CUSTOM AMONG CONTRACTORS—CRIMINAL LAW.

While a custom among contractors of helping themselves to each others' material when a small quantity is needed to complete a job, is unreasonable and not binding as a rule of property, it is competent for the purpose of tending to prove a lack of criminal intent in taking such material.

HEARD ON ERROR.

*Jerome D. Creed,* for the plaintiff in error.
*Geo. W. Hardacre,* contra.

MEMORANDUM OF DECISION.

The defendant in error recovered a judgment for $385, damages for malicious prosecution on a charge of taking a small quantity of the Kuhl company's material in completing a cement sidewalk contract, a line of work in which the Kuhl company and Mack were competitors. Error was claimed in the admission of testimony as to a general custom prevailing among contractors of helping themselves to each other's material when a small quantity was needed to complete a job.

The reviewing court holds that while such a custom is unreasonable as a rule of property, and therefore not binding, yet it was competent for the purpose for which it was evidently introduced—that is, as tending to prove a lack of criminal intent.

Judgment affirmed.

---

## MASTER AND SERVANT—DEFECTIVE MACHINERY—PLEADING.

[Lorain Circuit Court, May 4, 1901.]

FORREST CITY STONE CO. V. MUSA A. RICHARDSON, ADMR.

1. DEFECTIVE MACHINERY —AVERMENTS OF KNOWLEDGE OF DEFECTS.

In an action for wrongful death, alleged to have been the result of a defective fly wheel, a petition which charges negligence on the part of the defendant, and knowledge of the defect, and avers that plaintiff's decedent *did not* know of such defect, though without averments that defendant or decedent by the exercise of ordinary care should or would have known of such defect, is sufficient; and particularly where no objection was made to the absence of such averments until after the case went to trial. Under such circumstances it would have been improper for the court to have directed a verdict for defendant unless the evidence failed to show that plaintiff's decedent was without knowledge of the defects or upon grounds other than the absence of the averments referred to.